UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80230-CIV-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,
     Plaintiff,

v.

MARRETT W. HANNA,
     Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR MOTION FOR MORE DEFINITE STATEMENT (DE 5)

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or Motion for More Definite Statement (DE 5) ("Motion"), filed on April 4, 2011. I have reviewed the Motion, and am otherwise advised in the premises.

In this case, Plaintiff seeks to recover an outstanding debt stemming from a promissory note ("Note") executed by Defendant Hanna. Defendant argues that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff failed to provide the nature of the alleged debt, the documents forming the basis of Plaintiff's claim, or sufficient facts and information so that Defendant knows why he is being sued. (DE 5 at 1); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," and that while factual allegations in a complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level"). In the alternative, Defendant asks this Court to order Plaintiff to provide a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil

Procedure. FED. R. CIV. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

On April 13, 2011, Plaintiff filed an Amended Complaint (DE 6), that contains additional factual allegations, including that Defendant executed a Note for the principal amount of $44,955.58 on or about March 23, 1999 and that Defendant is in default on the Note. (*Id.* at 1). Additionally, Plaintiff attached a true and correct copy of the Note as Exhibit A to the Amended Complaint. Plaintiff was permitted to amend its Complaint without seeking leave from this Court. *See* FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Based on this timely amended filing, Defendant's Motion must be denied as moot. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or Motion for More Definite Statement (DE 5) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___ day of May, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record